# EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                                  Worcester Superior Court
                                                Civil Action No. 2085CV00841-C

| |
|---|
| **Sandra Nourse**<br>*Plaintiff*<br><br>v.<br><br>**DG Retail, LLC d/b/a Dollar General Store**<br>**and**<br>**Dollar General Corporation**<br>*Defendants* |

## Complaint with Jury Demand

1.    The Plaintiff, Sandra Nourse, is a resident of Worcester County, Massachusetts.

2.    Upon information and belief, DG Retail, LLC is a Limited Liability Company organized

       under the laws of Tennessee with a principal place of business at 100 Mission Ridge,

       Goodlettsville, TN, is registered with the Massachusetts Secretary of the Commonwealth

       as a foreign corporation and is doing business as Dollar General in West Boylston,

       Worcester County, Massachusetts.

3.    Upon information and belief, Dollar General Corporation is a corporation organized under

       the laws of Tennessee with a principal place of business at 100 Mission Ridge,

       Goodlettsville, TN,

## General Allegations

4.    On May 17, 2019, Ms. Nourse was a customer at the Dollar General Store at 342 West

       Boylston Street in West Boylston, Worcester County, Massachusetts.

5.    As she was exiting the store, she tripped over a floor mat which was curled up and creating

       a hazard.

6.   The mat was located at the exit to the store where sliding glass doors open to a foyer and a second set of exit doors.

7.   Ms. Nourse fell at this location and required an ambulance to transport her to the UMass emergency room.

8.   This location is operated by DG Retail, LLC which is controlled by its parent corporation, Dollar General Corporation.

9.   Both corporate entities have control over and responsibility for this premises.

10.   All conditions precedent to bringing this suit have been satisfied.

**Count I**
**(Negligence)**

11.   The plaintiff restates and incorporates the allegations in this complaint.

12.   The door at the fall location is part of the exit from the store.

13.   Immediately preceding the doors is one of the cash register locations and customer service desk.

14.   The store allowed the floor mats to become a hazard.

15.   The exit area was not reasonably safe for the customers.

16.   As a result of the hazardous condition of the floor mats, Ms. Nourse was caused to fall.

17.   She injured her leg causing her to need surgical repair, hospital admission, admission to a rehabilitation facility and a stay at an assisted living center before she was able to return to her home.

18.   She suffered physical injuries, experienced pain and suffering, and was absent from her home for a period of over 6 months.

Wherefore, the plaintiff seeks a judgment against the defendants for compensatory damages, interest, costs, attorney's fees and any other relief this Court deems just.

## Count II
### Violation of Chapter 143, § 51

19.     The plaintiff restates and incorporates the allegations in this complaint.

20.     The doorway area where the fall occurred was an egress from the building.

21.     The hazardous condition violated the Massachusetts Building Code.

22.     The hazardous condition was a serious violation of the building code.

23.     The violation of the building code was a cause of Ms. Nourse's injuries.

24.     The violation of the building code is a violation of Chapter 143, § 51, imposing strict liability on the defendants.

25.     As a result of building code violation, Ms. Nourse was injured.

26.     As a result of her fall, Ms. Nourse suffered physical injuries, experienced pain and suffering, and was absent from her home for a period of over 6 months.

Wherefore, the plaintiff seeks a judgment against the defendants for compensatory damages, interest, costs, attorney's fees and any other relief this Court deems just.


**THE PLAINTIFF DEMANDS A TRIAL BY JURY**


*/s/ John J. McMaster*
John J. McMaster
McMaster Law Offices LLC
BBO No. 561780
9 Monroe Street
Northborough, MA 01532
John@JMcMasterlaw.com
(508) 393-9200

3

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Sandra Nourse

**ADDRESS:**

135 Sterling Street, #4

West Boylston, MA 01583

**ATTORNEY:** John J. McMaster

**ADDRESS:** McMaster Law Offices, LLC

9 Monroe Street

Northborough, MA 01532

**BBO:** 561780

**COUNTY**

Worcester

**DEFENDANT(S):** DG Retail, LLC d/b/a Dollar General Store

Dollar General Corporation

**ADDRESS:**

100 Mission Ridge

Goodlettsville, TN 37072

---

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Negligence/Personal Injury | F | ☒ YES ☐ NO |

**\*If "Other" please describe:**

---

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................ $ 71,159
2. Total doctor expenses ................................................................................... $ _____
3. Total chiropractic expenses ......................................................................... $ _____
4. Total physical therapy expenses ................................................................. $ _____
5. Total other expenses (describe below) ......................................................... $ 49,219
   Subtotal (A): $ _____
Rehabilitation/Skilled nursing facility
B. Documented lost wages and compensation to date ........................................ $ _____
C. Documented property damages to dated ......................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ......................... $ _____
E. Reasonably anticipated lost wages ................................................................. $ _____
F. Other documented items of damages (describe below) ..................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Distal femur fracture of the left knee.
TOTAL (A-F):$ 120,378

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
TOTAL: $ _____

**Signature of Attorney/Pro Se Plaintiff: X**          **Date:** August 5, 2020

---

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None

---

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** /s/ John J. McMaster          **Date:** August 5, 2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality*

AA1 Contract Action involving Commonwealth,
  Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth,
  Municipality, MBTA, etc. (A)
AC1 Real Property Action involving
  Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
  Municipality, MBTA, etc. (A)
AE1 Administrative Action involving
  Commonwealth, Municipality, MBTA, etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (F)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
  Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
  Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
  Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
  Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
  Regulation Laws (A)
A99 Other Contract/Business Action – Specify(F)

* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an
  Incarcerated Party (A)
PB1 Tortious Action involving an
  Incarcerated Party (A)
PC1 Real Property Action involving an
  Incarcerated Party (F)
PD1 Equity Action involving an
  Incarcerated Party (F)
PE1 Administrative Action involving an
  Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence – Personal
  Injury/Property Damage (F)
B04 Other Negligence – Personal
  Injury/Property  Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L. c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
  G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149
  §§29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court
  Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56 (X)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
  G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F . | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2085CV00841 $C$ | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Nourse, Sandra vs. D G Retail, Llc et al | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO: John J McMaster, Esq.<br>McMaster Law Offices LLC<br>9 Monroe St<br>Suite 4<br>Northborough, MA 01532 | COURT NAME & ADDRESS<br>Worcester County Superior Court<br>225 Main Street<br>Worcester, MA 01608 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 11/03/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 12/03/2020 | |
| All motions under MRCP 12, 19, and 20 | 12/03/2020 | 01/04/2021 | 02/01/2021 |
| All motions under MRCP 15 | 12/03/2020 | 01/04/2021 | 02/01/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 06/01/2021 | | |
| All motions under MRCP 56 | 07/01/2021 | 08/02/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/29/2021 |
| Case shall be resolved and judgment shall issue by | | | 03/05/2022 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>08/06/2020 | ASSISTANT CLERK<br>**Anne O'Connor** | PHONE<br>(508)831-2361 |
|---|---|---|

| Summons | CIVIL DOCKET NO.<br>2085CV841C | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

CASE NAME:

Sandra Nourse

Plaintiff(s)

vs.

D G Retal, LLC

Dollar General Corporation

Defendant(s)

Dennis P. McManus      Clerk of Courts
Worcester
County

COURT NAME & ADDRESS:

Worcester Superior Court
225 Main Street
Worcester, Massachusetts 01608

THIS SUMMONS IS DIRECTED TO **D.G. Retal, LLC** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Superior_ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your signed original response with the Clerk's Office for Civil Business, _Superior_ Court, 225 Main Street, Worcester, MA  01608 (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: McMaster Law Offices, LLC, 9 Monroe St, Northborough, MA 01532

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. JUDITH FABRICANT, Chief Justice on August 5, , 20 20. (Seal)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

**PROOF OF SERVICE OF PROCESS**

**Superior Court Department, Worcester Division - Docket/Case No: 2085CV00841C**

I hereby certify and return that today, September 1, 2020, at 9:50 AM, I served a true and attested copy of the within Summons and Complaint and Demand for Jury Trial upon the within named DG Retail, LLC, by giving in hand to Greg Sanon, Agent Authorized to Accept Service at time of service, along with Plaintiff's First Request for Production of Documents to the Defendant DG Retail LLC, Plaintiff's First Set of Interrogatories to the Defendant, DG Retail, LLC. Said service was effected at: DG Retail, LLC, care of Corporate Service Corporation, 84 State St, Boston, MA 02109.

Signed under the pains and penalties of perjury today, September 1, 2020.

**Edward L. Moynihan,** Constable of Worcester
& Disinterested Person over Age 18.     Total Fees: $85.00
**George & Associates**
390 Main Street #1039
Worcester, MA, 01608-1665
(508) 755-1129 , (508) 755-4447 Fax

Date: 9-1-2020

rev. 1/2019

| Summons | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|
| | 2085CV841C | The Superior Court |

CASE NAME:

SANDRA NOURSE

vs.                    Plaintiff(s)

D6 Retail, LLC
Dollar General Corporation
                        Defendant(s)

Dennis P. McManus     Clerk of Courts
Worcester                 County

COURT NAME & ADDRESS:
Worcester Superior Court
225 Main Street
Worcester, Massachusetts 01608

THIS SUMMONS IS DIRECTED TO _Dollar General Corporation_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Superior    Court 225 Main Street, Worcester, MA 01608 (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: McMaster Law Offices, LLC, 9 Monroe St, Northborough, MA 01532

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. JUDITH FABRICANT , Chief Justice on _August 5_ , 20 _20_. (Seal)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _8/20/20_ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

Certified Mail - See Attached

Dated: _8/31/2020_          Signature:

### N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _8/20/20_

rev. 1/2019

 McMaster Law Offices LLC

EXPERIENCE • DEDICATION • RESULTS
☎ 508-393-9200            9 Monroe Street
📠 508-393-0364            Northborough
✉ john@mcmasterlaw.com   Massachusetts 01532

August 19, 2020

🄫COPY

Certified Mail
Return Receipt No.  7019 0700 0000 5610 3335

Corporation Service Company
2908 Poston Ave
Nashville, TN 37203-1312

Re:   Nourse v. DG Retail, LLC d/b/a Dollar General Store & Dollar General
      Corporation
      Worcester Superior Court
      Docket No.: 2085CV00841-C

Dear Sir or Madam:

Pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure, I am serving the enclosed
documents on your company as registered agent for service of process for Dollar General
Corporation.  The documents include the Summons, Complaint, Civil Action Cover Sheet,
Tracking Order, Interrogatories and a Request for Production of Documents.

Yours truly,

John J. McMaster

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
2908 Poston Ave
Nashville, TN 37203-1312

|||||||||||||||||||||||||||||
9590 9402 5272 9154 9129 08

2. Article Number *(Transfer from service label)*

7019 0700 0000 5610 3335

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery
8-20-20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Worcester Superior Court
Civil Action No. 2085CV00841-C

**Sandra Nourse**
    *Plaintiff*

v.

**DG Retail, LLC d/b/a Dollar**
**General Store and**
**Dollar General Corporation**
    *Defendants*

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u><br><u>TO THE DEFENDANT DG RETAIL, LLC</u>

1.     Please identify yourself fully, giving your full name, business address, employer, occupation, your job duties and responsibilities, and the authority pursuant to which you are answering these Interrogatories for the Defendant.

2.     Please identify fully all people who helped you answer these interrogatories (other than counsel), giving the full name, business address, employer, occupation, and job duties and responsibilities of each person.

3.     Identify by name and address each person with knowledge of the facts and/or circumstances surrounding the injury of the Plaintiff and/or causes or conditions contributing thereto.

4.     Please list all personnel that worked in the subject store on the date of the incident, their contact information (or last known information) and the hours worked.

5.     Please list the name and contact information for the manager and assistant manager of the subject store on the date of the incident, whether or not they worked that day.

6.     Please state all procedures, guidelines or directives in place on the date of the injury regarding the inspection and maintenance of the premises, especially the inspection and maintenance of the front entrance/exit.

7.     If you claim that the Plaintiff's injuries were caused or contributed to by the acts or omissions of any person or company for whose conduct you are not responsible, identify each such person or entity and set forth with respect to each such person or entity the acts or omissions or other facts which you claim establish negligence or fault on the part of such person or company.

8.  If you claim that any negligence on the part of the plaintiff contributed to the plaintiff's injury, describe in detail each act or omission which you assert as constituting negligence on the part of the plaintiff.

9.  Please set forth in full and substantial detail all facts upon which the Defendant bases each of the affirmative defenses set forth in Defendant's answer.

10. For each person you expect to call as an expert witness at trial, set forth:
    a. the expert's name, occupation, title, business address;
    b. the facts which you assert as qualifying such person as an expert;
    c. the subject matter on which the expert is expected to testify;
    d. the substance of the facts and opinions to which the expert is expected to testify; and
    e. the grounds for each opinion.

11. Please state the date and time of inspections of the store performed for the one-week period prior to this injury, and the findings of those inspections.

12. Please state the document and video retention policies in place on the date of the incident at the subject store.

13. Please state the incident reporting procedures in place on the date of the incident at the subject store.

14. Please state the name and current contact information for any person who witnessed the incident or had discussions with the plaintiff.

/s/ John J. McMaster
John J. McMaster
McMaster Law Offices LLC
BBO No. 561780
9 Monroe Street
Northborough, MA 01532
John@JMcMasterlaw.com
(508) 393-9200

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Worcester Superior Court
Civil Action No. 2085CV00841-C

**Sandra Nourse**
   *Plaintiff*

v.

**DG Retail, LLC d/b/a Dollar
General Store and
Dollar General Corporation**
   *Defendants*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO THE DEFENDANT DG RETAIL, LLC

1.  Each statement made by the Plaintiff and/or any employee/agent of the Defendant concerning the incident.

2.  Copies of each accident report, incident report or injury report related to the incident.

3.  Copies of each photograph depicting the scene of the incident whether taken before or after the occurrence.

4.  Copies of all store videos created at the time of the incident, from 1 hour prior until 1 hour after the incident.

5.  A copy of the handout, guidelines, rules, recommendations, safety rules or other documents in effect on the date of this injury regarding the installation, inspection and maintenance of the front entrance/exit.

6.  A copy of the handout, guidelines, rules, recommendations, safety rules or other documents in effect on the date of this injury regarding the installation, inspection and maintenance of floor mats used near any entrance to/from the store.

7.  A list of all employees with contact information that worked at the store on the day of the incident and the hours worked.

8.  A copy of all inspection reports written three days before and after this incident.

9.    A copy of all document and video retention policies after an incident occurs.

/s/ John J. McMaster
John J. McMaster
McMaster Law Offices LLC
BBO No. 561780
9 Monroe Street
Northborough, MA 01532
John@JMcMasterlaw.com
(508) 393-9200

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Worcester Superior Court
Civil Action No. 2085CV00841-C

---

**Sandra Nourse**
*Plaintiff*

v.

**DG Retail, LLC d/b/a Dollar
General Store and
Dollar General Corporation**
*Defendants*

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO THE DEFENDANT DOLLAR GENERAL CORPORATION

1.  Please identify yourself fully, giving your full name, business address, employer, occupation, your job duties and responsibilities, and the authority pursuant to which you are answering these Interrogatories for the Defendant.

2.  Please identify fully all people who helped you answer these interrogatories (other than counsel), giving the full name, business address, employer, occupation, and job duties and responsibilities of each person.

3.  Identify by name and address each person with knowledge of the facts and/or circumstances surrounding the injury of the Plaintiff and/or causes or conditions contributing thereto.

4.  Please list all personnel that worked in the subject store on the date of the incident, their contact information (or last known information) and the hours worked.

5.  Please list the name and contact information for the manager and assistant manager of the subject store on the date of the incident, whether or not they worked that day.

6.  Please state all procedures, guidelines or directives in place on the date of the injury regarding the inspection and maintenance of the premises, especially the inspection and maintenance of the front entrance/exit.

7.  If you claim that the Plaintiff's injuries were caused or contributed to by the acts or omissions of any person or company for whose conduct you are not responsible, identify each such person or entity and set forth with respect to each such person or entity the acts or omissions or other facts which you claim establish negligence or fault on the part of such person or company.

8.     If you claim that any negligence on the part of the plaintiff contributed to the plaintiff's injury, describe in detail each act or omission which you assert as constituting negligence on the part of the plaintiff.

9.     Please set forth in full and substantial detail all facts upon which the Defendant bases each of the affirmative defenses set forth in Defendant's answer.

10.    For each person you expect to call as an expert witness at trial, set forth:
   a. the expert's name, occupation, title, business address;
   b. the facts which you assert as qualifying such person as an expert;
   c. the subject matter on which the expert is expected to testify;
   d. the substance of the facts and opinions to which the expert is expected to testify; and
   e. the grounds for each opinion.

11.    Please state the date and time of inspections of the store performed for the one-week period prior to this injury, and the findings of those inspections.

12.    Please state the document and video retention policies in place on the date of the incident at the subject store.

13.    Please state the incident reporting procedures in place on the date of the incident at the subject store.

14.    Please state the name and current contact information for any person who witnessed the incident or had discussions with the plaintiff.

John J. McMaster
McMaster Law Offices LLC
BBO No. 561780
9 Monroe Street
Northborough, MA 01532
John@JMcMasterlaw.com
(508) 393-9200

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Worcester Superior Court
Civil Action No. 2085CV00841-C

**Sandra Nourse**
*Plaintiff*

v.

**DG Retail, LLC d/b/a Dollar
General Store and
Dollar General Corporation**
*Defendants*

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO THE DEFENDANT DOLLAR GENERAL CORPORATION

1. Each statement made by the Plaintiff and/or any employee/agent of the Defendant concerning the incident.

2. Copies of each accident report, incident report or injury report related to the incident.

3. Copies of each photograph depicting the scene of the incident whether taken before or after the occurrence.

4. Copies of all store videos created at the time of the incident, from 1 hour prior until 1 hour after the incident.

5. A copy of the handout, guidelines, rules, recommendations, safety rules or other documents in effect on the date of this injury regarding the installation, inspection and maintenance of the front entrance/exit.

6. A copy of the handout, guidelines, rules, recommendations, safety rules or other documents in effect on the date of this injury regarding the installation, inspection and maintenance of floor mats used near any entrance to/from the store.

7. A list of all employees with contact information that worked at the store on the day of the incident and the hours worked.

8. A copy of all inspection reports written three days before and after this incident.

9.    A copy of all document and video retention policies after an incident occurs.


John J. McMaster
McMaster Law Offices LLC
BBO No. 561780
9 Monroe Street
Northborough, MA 01532
John@JMcMasterlaw.com
(508) 393-9200